# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LINDA R.,**[1] | No. 6:18-cv-01635-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| **NANCY A. BERRYHILL,** acting COMMISSIONER of Social Security, | |
| Defendant. | |

Laurie B. Mapes
P.O. Box 1241
Scappoose, OR 97056

    Attorney for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

PAGE 1 – OPINION & ORDER

Erin F. Highland
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

     Attorneys for Defendant

HERNÁNDEZ, District Judge:

Linda R. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Insurance ("SSI") under Title XIV of the Social Security Act (the "Act"). The Commissioner agrees the ALJ erred but the parties disagree as to whether the case should be remanded for benefits. For the reasons discussed below, the Commissioner's decision is reversed and remanded for the immediate payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on September 15, 2014, alleging a disability onset date of February 10, 2014. Tr. 54, 221-29. She applied for SSI on November 12, 2014. Tr. 54, 109. The Commissioner denied Plaintiff's applications initially and upon reconsideration. Tr. 108-55. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 175-76. In a decision dated July 31, 2017, the ALJ found Plaintiff not disabled. Tr. 54-64. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6; *see also* 20 C.F.R. § 422.210(a). Plaintiff seeks judicial review of that decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

# FACTUAL BACKGROUND

Born in December 1972, Plaintiff was 41 years old on the alleged onset date. Tr. 54, 223, 273-86, 656-79. She alleged disability due to headaches, widespread pain throughout her body, degeneration in her cervical spine that caused pain to radiate down her right arm, nausea, dizziness, double vision, vertigo, and sound and light sensitivity that set off increased headache pain. *Id.* She earned a nursing degree and has past work experience as a nurse. *Id.*

# SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous

period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S DECISION

The ALJ performed the sequential analysis. Tr. 54-64. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 10, 2014. Tr. 56. Additionally, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2015. *Id.* At step two, the ALJ found Plaintiff had the severe impairments of fibromyalgia and migraines. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the specific impairments listed in the regulations. Tr. 58.

The ALJ next determined Plaintiff's RFC and found she could perform light work with the following limitations:

> She can occasionally climb ladders, ropes, and scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can tolerate occasional exposure to extreme heat and humidity. She can tolerate occasional exposure to vibrations, and occasional exposure to fumes, odors, dust, gases, and poor ventilation. She can tolerate no more than moderate levels of noise as defined in Appendix D o the Selected Characteristics of Occupations[] (1993 edition). She can tolerate no exposure to workplace hazards.

Tr. 59. At step four, the ALJ found Plaintiff was able to perform her past relevant work as a food server. Tr. 62. In the alternative, the ALJ found Plaintiff could perform representative

occupations of marking clerk, cashier II, and hand finisher. Tr. 62-63. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 63-64.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id*. (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)); *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id*.; *see also Batson*, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. *Bray*, 554 F.3d at 1225-26 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff argues that the ALJ erred by: (I) failing to provide clear and convincing reasons to discount Plaintiff's credibility; (II) improperly evaluating the medical evidence; (III) failing to find that she meets Listing 11.02.D.

## I. Credibility Determination

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345–46).

The ALJ's evaluation of a claimant's subjective symptom testimony may be upheld overall even if not all of the ALJ's reasons for rejecting the testimony are upheld. *See Batson*, 359 F.3d at 1197. The ALJ may not, however, reject testimony "solely because" the claimant's

symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

Plaintiff alleged disability primarily due to frequent headaches and fibromyalgia. Tr. 83-88. She alleged these conditions caused serious disruptions in her ability to function that prevented her for sustaining substantial gainful employment. The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC. Tr. 60-61. Plaintiff argues that this was error.[2]

To support his rejection of Plaintiff's testimony, the ALJ first found Plaintiff's testimony conflicted with her activities. Tr. 60-61. Contradiction with a claimant's activities of daily living is a clear and convincing reason for rejecting a claimant's testimony. *Tommasetti*, 533 F.3d at 1039. There are two grounds for using daily activities to form the basis of an adverse credibility determination: (1) when activities meet the threshold for transferable work skills and (2) when activities contradict a claimant's other testimony. *Orn v. Astrue,* 495 F.3d 625, 632 (9th Cir. 2007). However, "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," *Reddick*, 157 F.3d at 722, and "the mere fact that a plaintiff has carried on with certain daily activities, such as grocery shopping . . . does not in any way detract from his credibility," *Webb v. Barnhart,* 433 F.3d 683, 688 (9th Cir. 2005) (citing *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir.2001)).

Here, the ALJ noted Plaintiff was able to perform self-care, prepare simple meals, do household chores, go to the store, exercise, attend children's school activities, go to the beach, walk, dance, hike, attend festivals, and travel to New York. Tr. 61, 89. The ALJ found these activities evidenced a higher level of functioning than Plaintiff's testimony alleged. *Id*. The

---

[2] The Commissioner does not challenge Plaintiff's argument.

Court disagrees. None of these activities were performed at the continuous, sustained level required for substantial gainful activity, and they are consistent with Plaintiff's allegations of limited functional ability caused by her impairments. *See Reddick,* 157 F.3d at 722 (In order to impact a claimant's credibility, the activity has to be "inconsistent with claimant's claimed limitations"). For example, while Plaintiff was able to travel to New York, she testified that traveling was "hard," and she had to "take it easy" once she arrived. Tr. 89. Due to the unpredictable onset of her headaches, Plaintiff testified that she is able to go hiking and dancing only "sometimes." Tr. 90-91. Further, Plaintiff was advised by her rheumatologist and her pain specialist to push herself to exercise, even though exercise made her body pain and headaches worse. Tr. 354, 358. Regarding her trip to the beach, Plaintiff's physical therapist described this activity as "overdoing it." Tr. 61, 433. On this record, Plaintiff's activities did not contradict her allegations of disabling symptoms and limitations, and therefore did not constitute a clear and convincing reason for rejecting her subjective symptom testimony. *Lingenfelter*, 504 F.3d at 1036.

The ALJ also found that Plaintiff's testimony was unsupported by her treatment record. Tr. 60-61. The ALJ may not reject testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883. Here, the ALJ described medical findings that Plaintiff "was generally alert and oriented, … had a normal gait, and intact muscle strength, sensation and reflexes." Tr. 61. From this he concluded that Plaintiff "has not generally received the type of medical treatment one would expect for a totally disabled individual." Tr. 61. The Court disagrees. Plaintiff's alertness and orientation on examination is not inconsistent with her allegations of headaches and pain from fibromyalgia. Further, numerous treatment notes throughout the record document vertigo, dizziness, chronic

headaches, and fibromyalgia, consistent with Plaintiff's testimony. *See, e.g.,* Tr. 340-41, 354, 513-14, 686, 694. In sum, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony.

## II. Medical Opinion Evidence

Plaintiff next argues that the ALJ erred in rejecting the opinion of treating physician Orestes Gutierrez, D.O. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.; see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F. 2d 502,

506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042–43.

      Dr. Gutierrez was Plaintiff's primary care physician throughout most of the relevant period. Tr. 680-83. Dr. Gutierrez opined that Plaintiff's combined impairments caused the following limitations: she can stand or walk less than two hours in a workday; she can sit less than six hours in a workday; her maximum lifting ability for one-third of a workday is less than ten pounds; she should never climb, balance, stoop, kneel, crouch or crawl; and her ability to reach, handle, finger and feel is limited. *Id.* Dr. Gutierrez also opined that Plaintiff's severe headaches require bed rest and that she is unable to engage in substantial gainful activity. Tr. 49. The ALJ rejected this opinion, stating only that it was "an overstatement of claimant's limitations." Tr. 62. The Court agrees with both parties that the ALJ failed to provide legally sufficient reasons for rejecting the medical opinion of examining physician Dr. Gutierrez.[3]

---

[3] Because, as explained below, the ALJ's errors constitute grounds for remand, the Court need not consider Plaintiff's other allegations of error.

**III.     Remand**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Id.* at 1020; *see also Treichler v. Comm'r*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison*, 759 F.3d at 1020. Second, the record must be fully developed, and further administrative proceedings would serve no useful purpose. *Id.* Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. *Id.*; *see also Treichler*, 775 F.3d at 1101 (When all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule."). The "ordinary remand rule" is the proper course except in rare circumstances. *Treichler*, 775 F.3d at 1101.

Here, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Gutierrez's opinion and Plaintiff's subjective symptom testimony and the record is fully developed. When the erroneously rejected evidence is credited as true, no outstanding issues remain before a finding of disability can be made. Plaintiff testified to totally disabling symptoms from her headaches and fibromyalgia pain that would cause her to miss work at least a few days per month. At the administrative hearing, the Vocational Expert testified that an individual with these limitations would be unable to perform work in the national economy. Tr. 106. Thus if the case were remanded and the erroneously rejected evidence credited as true, the ALJ would be required to find Plaintiff disabled. Because there are no outstanding issues that must be resolved

before a determination of disability can be made, the case is remanded for immediate payment of benefits.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this 25th day of Sept, 2019.

*Marco Hernandez*
Marco Hernandez
United States District Judge